IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION,<br><br>    Defendant. | Case No. 2:23-cv-531-WSS |

**DECLARATION OF JAMISEN A. ETZEL IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

I, Jamisen A. Etzel, declare as follows:

1.      I am a partner of the law firm of Lynch Carpenter, LLP ("Lynch Carpenter" or the "Firm"). The information set forth in this Declaration is based upon my personal knowledge and my review of evidence and other documents generated during the course of the litigation.

2.      I make this Declaration in support of the proposed settlement reached between the parties after extensive negotiation, a true and accurate copy of which is attached as **Exhibit A**, along with its own attachments including a proposed short form notice (**Exhibit 1**), long form notice (**Exhibit 2**), proposed preliminary approval order (**Exhibit 3**), and proposed Final Judgment Order (**Exhibit 4**).

3.      I have significant complex litigation experience, and in recent years I and my colleagues at Lynch Carpenter have obtained leadership positions in numerous national class

1

action cases, including, for example: *In re: Philips CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.) (Kelly Iverson appointed as co-lead counsel from among 75 applicants, final approval granted in April 2024 for $479 million settlement of economic loss claims); *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-6019 (E.D. Pa.) (Gary Lynch serves as co-lead counsel for financial institutions, preliminary approval of settlement providing up to $37.5 million in monetary relief granted October 2023); *In re Robinhood Outage Litig.*, No. 20-cv-1626 (N.D. Cal.) (Jamisen Etzel served on Plaintiffs' Executive Committee, final approval of class settlement granted in August 2023); *In re Generali Covid-19 Travel Insurance Litig.*, MDL No. 2968 (S.D.N.Y) (Jamisen Etzel appointed as co-lead counsel and argued appeal in the Second Circuit); *In re: BPS Direct, LLC and Cabela's, LLC, Wiretapping Litigation*, MDL No. 3074 (E.D. Pa.) (Nicholas Colella appointed as co-lead counsel); *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (Katrina Carroll appointed co-lead counsel; final approval of class settlement providing $92 million in monetary relief for the class).

4.      I have more than ten years of experience litigating data breach and privacy actions. I helped forge the development of common law protections against the mishandling of digitally-stored information by obtaining the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036, 1047 (Pa. 2018). I spearheaded the appellate briefing in *Dittman*, and I have played a significant role in developing data breach and privacy law in Pennsylvania and elsewhere. *See Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022) (favorable decision involving Pennsylvania wiretap law); *Opris v. Sincera Reprod. Med.*, No. CV 21-3072, 2022 WL 1639417 (E.D. Pa. May 24, 2022) (overcame motion to dismiss in PHI breach case, leading to eventual settlement); *First Choice Federal Credit Union v. The Wendy's Co. et al.*, No. 2:16-cv-

0506 (W.D. Pa.) (contributed heavily to discovery and briefing; case settled for $50 million); *Storm v. Paytime, Inc.*, 1:14-cv-1138 (M.D. Pa.) (led the briefing and served as settlement class counsel).

5. The Settlement was reached after two rounds of supervised mediations. First, the Parties conducted a full-day mediation before Bruce A. Friedman, Esq. of JAMS on November 20, 2023. Although some progress was made toward resolution at that initial mediation, the Parties did not reach a resolution.

6. After the Court ruled on Wabtec's motion to dismiss and ordered the parties to complete jurisdictional discovery by June 30, 2024, Plaintiffs served discovery requests and requested from Wabtec the availability of certain witnesses.

7. The Parties also resumed negotiations regarding a potential resolution of this Action, and conducted a second mediation with Bruce Friedman on June 7, 2024. At that supplemental mediation, with the assistance of Mr. Friedman, the Parties succeeded in reaching an agreement in principle to resolve this Action on a classwide basis and executed a confidential settlement term sheet reflecting their agreed-upon terms, subject to execution of a formal settlement agreement.

8. In this case, Lynch Carpenter—with the assistance of co-counsel DannLaw—has done substantial work in vigorously pursuing the interests of our clients and the class. We investigated the claims, drafted the complaints, defended against Wabtec's Rule 12 motions, and were prepared to engage in both jurisdictional and full merits discovery had the Parties not negotiated the Settlement when they did.

9. Although the Parties did not engage in full merits discovery, the information available to me and co-counsel through our pre-suit investigations, informal discovery, publicly available information, and our extensive data breach experience permitted us to appreciate all of

the significant factual and legal issues posing risks to the success of the claims. From this position of knowledge about the strengths and weaknesses of Plaintiffs' position, I can state without question that the settlement we negotiated was not collusive, but instead was the result of very in-depth, arms' length negotiations and detailed, informed analysis on our part as to an appropriate settlement value for the case.

10. Based on my experience and expertise, I believe that the settlement is fair, reasonable, and an excellent result for the class in light of the facts, the strengths and weakness of the claims, the procedural status of the litigation, and the risks that still remained between the Class and financial recovery. I believe the settlement is a superior alternative to exposing Plaintiff and the class to a significant risk of a limited or nonexistent recovery, and that risk existed here. The settlement also provides guaranteed cash payments within the near future, whereas continued litigation could last many more months or years with no certainty of payment.

11. My firm and our co-counsel undertook this litigation on a contingency basis, meaning that we would not earn any attorneys' fees unless we obtained a financial recovery from the Defendant through settlement, or trial, judgment, and collection. Class Counsel will prepare a comprehensive motion for approval of the attorneys' fees request and file it at least 14 days prior to the objection deadline. The motion will include a description of the hours spent by attorneys on the litigation and their hourly rates, in order to permit the Court to conduct a lodestar crosscheck for purposes of evaluating the reasonableness of the fee request. We will also provide documentation in support of our request for up to $10,000 in expense reimbursements, and we will document that each expense was necessarily incurred during the prosecution of the case and was for the benefit of the Class.

12. I believe the firm Verita Global (formerly KCC) is well-suited to serve as the settlement administrator and will provide administration services at a reasonable cost. Our service agreement with them is fully consistent with the Settlement Agreement and can be provided to the Court if requested.

13. I also believe that the proposed notice plan represents the best practicable notice under the circumstances. Defendant's records will provide sufficient information to allow the Settlement Administrator to attempt direct mail notice and email notice, and to use industry best practices to locate updated addresses. Additionally, the posting of publication notice on PR Newswire or a similar service, and the posting of the settlement on the Settlement Administrator's webpage will provide class members a good opportunity to learn of the settlement and submit claims.

14. Because the settlement represents a fair and reasonable recovery on behalf of the Plaintiffs and the proposed class, I believe that the Court should preliminarily approve the settlement and direct notice to be issued to the class.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration was executed on August 23, 2024, in Pittsburgh, Pennsylvania.

/s/Jamisen A. Etzel

Jamisen A. Etzel
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15212
P: 412-322-9243
T: 412-231-0246
jamisen@lcllp.com