IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION,<br><br>Defendant. | Case No. 2:23-cv-531-WSS |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT,
CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE
PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING**

**WHEREAS**, Plaintiffs Hokky Tjahjono and Miles Black, individually and as representatives of the Settlement Class defined below, and Defendant Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation have entered into a Settlement Agreement that was stipulated to on August 21, 2024, which, if approved, would resolve this Litigation.

**WHEREAS**, Plaintiffs have filed a motion for preliminary approval of the proposed Settlement, which Defendant does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the Notices, and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Notice be disseminated to the Settlement Class, and setting the Final Approval Hearing at which the Court will consider whether to grant final approval of the Settlement;

1

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement Agreement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. This Order incorporates the definitions in the Settlement Agreement and all defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of and over all Parties to the Litigation.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class-action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Litigation or of any wrongdoing or any violation of law.

5.  The Court finds that, if the Effective Date does not occur for any reason, the Settlement Agreement and this Preliminary Approval Order will be vacated and the Litigation shall proceed, without prejudice to any Party's position on the issue of class certification or any other issue. The Court also finds that the Parties' agreement to the certification of the Settlement Class is without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

6.  For the avoidance of doubt, the Court specifically finds that, by agreeing to the certification of the Settlement Class, and by taking other steps to negotiate, execute, and implement the Settlement, Defendant does not admit, concede, or waive any right or claim it may have to request or require arbitration of any claim or to enforce any arbitration agreement or class-action waiver in relation to any Settlement Class Member or other Person, including without limitation as set forth in Section IV.2.4 of the Settlement Agreement.

7.  For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Litigation may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack.

8.  For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Class Representatives in the Litigation are typical of the claims of the Settlement Class; (d) Class Representatives and Class

Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Litigation.

9. For purposes of the proposed Settlement only, the Court preliminarily appoints Plaintiffs Hokky Tjahjono and Miles Black as Class Representatives.

10. For purposes of the proposed Settlement only, the Court preliminarily appoints Jamisen A. Etzel of Lynch Carpenter LLP, and Marc E. Dann of DannLaw as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

11. The Court appoints Verita Global to administer the Notice Program and distribute the Settlement Fund pursuant to the terms of the Settlement Agreement, under the supervision of Class Counsel.

12. Having reviewed the proposed Short Notice and the proposed Long Notice submitted by the Parties as Exhibit 1 and Exhibit 2 to the Settlement Agreement, respectively, the Court approves, as to form and content, such Notices.

13. Within five (5) days after the entry of this Order, Defendant shall produce the Class Member Information to the Settlement Administrator as set forth in Sections IV.3.3(a) and (b) of the Settlement Agreement.

14. Within ten (10) days after the entry of this Order, the Settlement Administrator on behalf of the Defendant shall cause a CAFA Notice to be served upon the appropriate State and Federal officials, in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*

15. Within thirty (30) days after the entry of this Order, the Settlement Administrator shall begin to send to members of the Settlement Class, via email if available or otherwise via mail, the Short Notice as set forth in Section IV.3.3(d) of the Settlement Agreement.

16. No later than thirty (30) days after the entry of this Order, and before the issuance of the Short Notice, the Settlement Administrator shall establish the Settlement Website as set forth in Section IV.3.3(c) of the Settlement Agreement.

17. Within thirty (30) days after the entry of this Order, the Settlement Administrator shall publish a notice substantially in the form of the Short Notice in a general publication that reaches the entire United States, such as PR Newswire, as set forth in Section IV.3.3(e) of the Settlement Agreement.

18. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Settlement Agreement concerning notice to the Settlement Class, as set forth in Section IV.3.3(g) of the Settlement Agreement.

19. The Court finds and determines that the notices provided by the Settlement Agreement, including (a) emailing or mailing the Short Notice, (b) publication of the Short Notice, and (c) posting of the Long Notice on the Settlement Website, all pursuant to the Settlement Agreement and this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

20. Any Person falling within the definition of the Settlement Class may, upon request, "opt out" from the Settlement Class, pursuant to Section IV.4 of the Settlement Agreement. No Settlement Class Member may both opt out of and object to the Settlement; a Settlement Class Member must decide whether to opt out of or object to the Settlement.

21. Each Person wishing to opt-out of the Settlement Class shall individually sign (with a physical signature) and timely submit a written notice to the Settlement Administrator of such intent by (a) mailing it with a postmark by the Opt-Out Date to a designated Post Office box established by the Settlement Administrator, or (b) emailing it to the Settlement Administrator using the email address provided on the Settlement Website. To be effective pursuant to Section IV.4.1 of the Settlement Agreement, the written opt-out notice must include the following: (a) the requestor's full name, postal address, and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked or emailed no later than the Opt-Out Date, which shall be 90 days from the date of this Order. Opt-Outs must be on an individual basis, and no Person may opt-out any other individual.

22. A request to be excluded from the Settlement Class that does not include all of the foregoing information pursuant to Section IV.4.1 of the Settlement Agreement, that is sent to an address other than that designated in the Long Notice, or that is not postmarked within the time specified, shall be invalid and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if the Settlement is approved by the Court. Any Settlement Class Member who properly elects to opt-

out, in compliance with the requirements set forth in Paragraph 20, shall not: (a) be entitled to nor receive any benefit under the Settlement; (b) be bound by the terms of the Settlement Agreement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

23.  As set forth in Section IV.9.4 the Settlement Agreement, Defendant has the unilateral right to terminate the Settlement Agreement and declare it void in its entirety if the number of exclusions exceeds a certain number of individuals within the Settlement Class, as agreed to in a Confidential Class Action Settlement Term Sheet between the Parties and their counsel, on the ground that such exclusion would frustrate the essential purpose of the Settlement Agreement.

24.  Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel no later than ten (10) days prior to the Final Approval Hearing.

25.  No less than one hundred twenty (120) days from the date of this Order, this Court will hold a Final Approval Hearing in the United States District Court for the Western District of Pennsylvania, William S. Stickman IV, **U.S. Courthouse, Courtroom 8B, 700 Grant Street, Pittsburgh, PA 15219,** at 1-21-25 at 10:30 AM, 2025, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve Class Counsel's requested Attorneys' Fees and Expenses Award; (d) whether to approve the payment of Service Awards to the Class Representatives; (e) whether a Final Judgment Order should be entered; and (f) any other matters that may properly be brought before the Court in connection with the

Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

26. Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

27. Pursuant to Section IV.5 of the Settlement Agreement, any Settlement Class Member may object to the Settlement, the manner of distribution of the Settlement Fund, the application for Service Awards, or the application for an Attorneys' Fees and Expenses Award; or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment Order should not be entered thereon, why the requested Service Awards should not be approved, or why the requested Attorneys' Fees and Expenses Award should not be approved. Any such objection must be in the form and manner required by Section IV.5.1 of the Settlement Agreement.

28. Each Settlement Class Member desiring to object to the Settlement shall submit a timely written notice of his or her objection by the Objection Date, which notice shall state: (a) the objector's full name, postal address, and email address; (b) the case name and number, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; (c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's

settlement notice, copy of original notice of the Cyberattack, or a statement explaining why the objector believes he or she is a Settlement Class Member); (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be postmarked or filed no later than the Objection Date (90 days from the date of this Order), by filing it with the Court electronically or in person at any location of the United States District Court for the Western District of Pennsylvania, or by mailing it to the Deputy Clerk, Elizabeth Abbott, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street Pittsburgh, PA 15219, and by mailing it to Class Counsel and Defendant's counsel as follows:

Jamisen A. Etzel
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

-and-

Marc E. Dann
DANNLAW
15000 Madison Ave.
Lakewood, OH 44107

*Class Counsel*


Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500

Pittsburgh, PA 15219

*Counsel for Defendant*

29. If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member will remain a Settlement Class Member and will receive their applicable distribution from the Settlement Fund.

30. If any Settlement Class Member does not make an objection in the form and manner set forth above, with copies to designated counsel for each of the Parties, they shall not be permitted to object to the Settlement, the Service Awards, or the Attorneys' Fees and Expenses Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Service Awards, and the Attorneys' Fees and Expenses Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Litigation or any other related action or proceeding.

31. Upon the Effective Date, the releases set forth in the Settlement Agreement, including without limitation in Sections IV.6.1 through IV.6.4, shall be permanently and irrevocably binding upon all Releasing Persons, including without limitation all Settlement Class Members. Among other things and without limitation, as of the Effective Date, each Settlement Class Member and all other Releasing Persons shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, acquitted, and discharged all Released Claims in relation to each of the Released Persons, and shall forever be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

32. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement Agreement or further order of the Court.

33. Class Counsel's application for an Attorneys' Fees and Expenses Award must be filed within seventy-five (75) days after the entry of this Order.

### Further Matters

34. All further proceedings in the Litigation are ordered stayed until the Final Judgment Order or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

35. Settlement Class Members shall be bound by all determinations and judgments concerning the Settlement and Final Judgment Order as to the same, whether favorable or unfavorable.

36. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

Dated: 8/26/24

Hon. William S. Stickman IV
United States District Judge