Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 2:23-cv-531-WSS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION, | |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement,[1] dated as of the Signing Date, is made and entered into by and among the following Parties: Plaintiffs Hokky Tjahjono and Miles Black, individually and on behalf of the Settlement Class, and Defendant Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation, by and through their respective counsel of record. This Settlement Agreement is subject to Court approval and is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

### I.    THE LITIGATION

Plaintiffs allege in the above-captioned case that on or around March 15, 2022, unauthorized actors introduced malware onto Defendant's systems and thereafter accessed certain information, including full names, dates of birth, non-US national ID numbers, non-US social insurance numbers or fiscal codes, passport numbers, IP addresses, Employer Identification

---

[1] Capitalized terms used throughout this Agreement are defined in Section IV.1.

Numbers, USCIS or Alien Registration Numbers, medical records and health insurance information, photographs, gender and gender identity, salary, Social Security Numbers, financial account information, payment card information, account usernames and passwords, biometric information, race and ethnicity, criminal convictions and offenses, sexual orientation, religious beliefs, and union affiliation. On or around December 30, 2022, Defendant began sending notification letters to potentially impacted individuals, including Plaintiffs and members of the Settlement Class. Ultimately, according to Defendant's records, approximately 17,757 individuals received notice from Defendant that their Personal Information may have been potentially affected by the Cyberattack. Defendant offered all such individuals two years of free credit-monitoring and identity-theft-restoration services.

On March 27, 2023, Plaintiff Hokky Tjahjono, individually and on behalf of all others similarly situated, filed a class action complaint in the U.S. District Court for the Western District of Pennsylvania (Case No. 2:23-cv-00531-WSS). On March 29, 2023, Plaintiff Miles Black, individually and on behalf of all others similarly situated, filed a class action complaint in the U.S. District Court for the Western District of Pennsylvania (Case No. 2:23-cv-00547-WSS).

On June 26, 2023, Plaintiffs, on behalf of the Settlement Class, filed the Complaint in the U.S. District Court for the Western District of Pennsylvania under the lead case, No. 2:23-cv-531-WSS. In the Complaint, Plaintiffs asserted claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; and (vi) declaratory relief.  Defendant filed a Motion to Dismiss the Complaint under Rule 12(b)(6) on July 17, 2023 (ECF Nos. 23, 24).

Thereafter, the Parties exchanged certain materials subject to Rule 408. The Parties conducted mediation before Bruce A. Friedman, Esq. of JAMS on November 20, 2023.  Although some progress was made toward resolution at that initial mediation, the Parties did not reach a resolution.

On March 26, 2024, the Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing Plaintiffs' claims for injunctive and declaratory relief and negligence per se, but permitting the remainder of the claims to proceed (ECF No. 39). Defendant answered the Amended Complaint on April 9, 2024 (ECF No. 40), and filed a Motion to Dismiss under Rule 12(b)(1) on April 25 (ECF No. 42). At the Rule 16 Conference on May 15, 2024, the Court deferred merits discovery and granted the Parties limited jurisdictional discovery (ECF Nos. 48, 49). The Court also inquired with the Parties about opportunities for alternative dispute resolution, consistent with the Court's Local Rules and practices. The Parties then initiated limited discovery and also resumed negotiations regarding a potential resolution of the Litigation, and conducted a supplemental mediation with Bruce A. Friedman, Esq. of JAMS on June 7, 2024. At that supplemental mediation, with the assistance of Mr. Friedman, the Parties succeeded in reaching an agreement in principle to resolve the Litigation on a classwide basis.

The agreed-upon terms of the Parties' settlement (and additional reasonable terms agreed to by the Parties) are memorialized in this Settlement Agreement, which was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties.

## II.    CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to litigate this action against Defendant through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Class Counsel, in consultation with Plaintiffs, have determined that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

### III.    DENIAL OF ALLEGATIONS OF WRONGDOING AND LIABILITY

Defendant denies any and all allegations of wrongdoing, liability, and inadequate security with respect to Plaintiffs, other Releasing Persons, or any other Person, and disclaims all liability relating to and arising out of the Litigation and the Cyberattack. Defendant enters this Settlement Agreement solely to avoid further expense, inconvenience, and burden. Defendant denies that any Person has any right or claim whatsoever against Defendant arising from the Cyberattack beyond those expressly set forth and released in this Settlement Agreement. Defendant also denies the suitability of the Litigation for litigation or certification as a class action other than for purposes of settlement as set forth herein.

Nonetheless, without waiver and while reserving all rights, Defendant has considered the uncertainty and risks inherent in any litigation and concluded that contesting the Litigation further could be protracted and expensive, so it is desirable and beneficial that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. This Settlement Agreement is for settlement purposes only. Neither this Settlement Agreement, nor any steps taken to carry out the terms herein, nor the fact of settlement or any settlement negotiations, are intended to be, nor may be deemed or construed to be, an admission or concession of liability, of the validity of any claim or defense, or of any point of fact or law on the part of any Party, nor may be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing, fault, violation of law, or liability of any kind by Defendant, in any proceeding whatsoever.

### IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Defendant that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to

the Parties and the Settlement Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1. **Definitions**

As used in this Settlement Agreement and in the attached exhibits, the following terms shall have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Attorneys' Fees and Expenses Award" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorneys' fees, costs, disbursements, and compensation in the Litigation.

1.3    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, to be served upon the appropriate state official in each state where a member of the Settlement Class resides and the appropriate federal official. The CAFA Notice shall be prepared and issued by the Settlement Administrator, and all costs related to preparation and issuance of the CAFA Notice will be paid solely from the Settlement Fund.

1.4    "Class Counsel" means Jamisen A. Etzel of Lynch Carpenter LLP, and Marc E. Dann of DannLaw.

1.5    "Class Member Information" means the name, last known postal address, and email address (if known) of each member of the Settlement Class that Defendant has already compiled in its existing notice list.

1.6    "Class Representatives" or "Plaintiffs" means Hokky Tjahjono and Miles Black.

1.7    "Complaint" or "FAC" means the First Amended Class Action Complaint filed at ECF No. 13 in the Litigation.

1.8    "Costs of Settlement Administration" means all actual costs associated with or

5

arising from Settlement Administration, the Notice Program, the administration of opt-outs, and the administration of objections. All Costs of Settlement Administration shall be paid solely from the Settlement Fund.

1.9    "Court" means the United States District Court for the Western District of Pennsylvania, Honorable William S. Stickman presiding.

1.10    "Cyberattack" means the data security incident, beginning on or around March 15, 2022, during which unauthorized actors introduced malware onto Defendant's systems and actually or potentially accessed various information, including without limitation Personal Information, as well as all past, present, and future facts, allegations, acts, omissions, transactions, and occurrences arising from or relating to any aspect of such incident at any time in the past, present, or future; such facts, allegations, acts, omissions, transactions, and occurrences include, but are not limited to, those arising from or relating to: (i) any and all allegations, assertions, arguments, and contentions of fact made at any point in the Litigation; (ii) Defendant's actual and potential collection, creation, storage, and maintenance of information, including without limitation Personal Information, as well as the security of such information, before, during, and after such incident; (iii) the response, investigation, and remediation arising from or relating to such incident by any Person; and (iv) Defendant's provision of notice to any Person arising from or relating to such incident.

1.11    "Defendant" or "Wabtec" means Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation, and its past, present, and future parents, subsidiaries, affiliates, associated entities, foundations, divisions, partners, partnerships, joint ventures, and departments, of any nature whatsoever, whether direct or indirect; each such entity's respective past, present, and future directors, officers, trustees, fiduciaries, board members, agents, advisors, representatives, servants, attorneys, employees, contractors, subrogees, insurers, and reinsurers; and the predecessors, predecessors-in-interest, successors, successors-in-interest, heirs, executors,

administrators, devisees, and assigns of each of the foregoing.

1.12    "Effective Date" shall have the meaning specified in Section IV.9.1.

1.13    "Final Approval Hearing" shall have the meaning specified in Section IV.3.5.

1.14    "Final Judgment Order" means the order of the Court, substantially in the form attached hereto as **Exhibit 4**, that approves this Settlement Agreement, provides for the release of the Released Claims, makes such other final rulings as are contemplated by this Settlement Agreement, and orders final judgment of all claims in the Litigation. The Final Judgment Order may or may not include approving payment of any Service Awards and Class Counsel's Attorneys' Fees and Expenses Award. The Parties' proposed form of Final Judgment Order is attached to this Settlement Agreement as **Exhibit 4**.

1.15    "Litigation" means the litigation first filed in the U.S. District Court for the Western District of Pennsylvania, as *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation,* Case No. 2:23-cv-00531-WSS, including all actions, such as consolidated into or with that action.

1.16    "Long Notice" means the long form notice of settlement to be posted on the Settlement Website, substantially in the form of **Exhibit 2** to this Settlement Agreement.

1.17    "Notice Program" means the plan described in Section IV.3 for disseminating notice to members of the Settlement Class of the terms of this Settlement Agreement and the Final Judgment Order.

1.18    The "Notices" means the Long Notice (**Exhibit 2**) and the Short Notice (**Exhibit 1**).

1.19    The "Notice Commencement Date" means thirty (30) days after the entry of the Preliminary Approval Order.

1.20    "Objection Date" means the date by which Settlement Class Members' objections to the settlement must be postmarked by mailing them to the Court for that objection to be timely. The objector or his or her counsel may also file, no later than the Objection Date, the written

objection with the Court through the Court's ECF system. The Objection Date shall be set by the Court in the Preliminary Approval Order. The Parties propose an Objection Date that is sixty (60) days after the Notice Commencement Date.

1.21    "Opt-Out(s)" means all Persons who submit valid and timely notices of their intent to opt out of the Settlement Class and not be a Settlement Class Member, as described in Section IV.4.

1.22    "Opt-Out Date" means the date by which requests by members of the Settlement Class for exclusion from the Settlement Class must be postmarked by mailing them to the Settlement Administrator for such requests to be effective. The Opt-Out Date shall be set by the Court in the Preliminary Approval Order. The Parties propose an Opt-Out Date that is sixty (60) days after the Notice Commencement Date.

1.23    "Opt-Out List" means the list created by the Settlement Administrator including all timely and valid requests for exclusion, as described in Section IV.9.3.

1.24    "Parties" means Plaintiffs and Defendant.

1.25    "Person(s)" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.26    "Personal Information" means such information related to an individual that, if compromised, would require that such individual receive notice under the applicable law of the relevant jurisdiction.

1.27    "Plaintiffs" means Hokky Tjahjono and Miles Black.

1.28    "Preliminary Approval Order" means the Court's order, substantially in the form attached here to as **Exhibit 3**, preliminarily approving  this Settlement Agreement and ordering

that notice be provided to the Settlement Class. The Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit 3.**

1.29    "Released Claim(s)" shall mean any and all past, present, and future claims (including Unknown Claims), administrative claims, actual and potential causes of action, demands, damages, debts, liabilities of any nature, remedies, proceedings, actions, suits, allegations, decrees, judgments, duties, obligations, losses, rights, matters, issues, assertions of wrongdoing, any demand for injunctive relief or any other type of equitable or legal relief, and controversies of any kind, whether class, individual, or otherwise in nature, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, whether known or unknown, suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, concealed, or hidden, and any other form of legal or equitable relief that was asserted at any time before the Effective Date, could have been asserted at any point before the Effective Date, or could be asserted at any point on or after the Effective Date by any Releasing Person with respect to any Released Person arising out of or relating to the Cyberattack, including without limitation all such claims that arise out of or relate to any of the facts, acts, omissions, transactions, and occurrences that have been alleged or could have been alleged in the Litigation in relation to any Released Person. Released Claims shall not include the right of any Releasing Person or any Released Person to enforce the terms of this Settlement Agreement, and shall not include the claims of individuals who have timely and validly opted out of the Settlement Class pursuant to Section IV.4.1.

1.30    "Released Person(s)" means Defendant and its past, present, and future parents, subsidiaries, affiliates, associated entities, foundations, divisions, partners, partnerships, joint ventures, and departments, of any nature whatsoever, whether direct or indirect; each such entity's

past, present, and future directors, officers, trustees, fiduciaries, board members, agents, advisors, representatives, servants, attorneys, employees, contractors, subrogees, insurers, and reinsurers; and the predecessors, predecessors-in-interest, successors, successors-in-interest, heirs, executors, administrators, devisees, and assigns of each of the foregoing.

1.31    "Releasing Person(s)" means each and every Settlement Class Member, including without limitation the Plaintiffs, as well as each and every Settlement Class Member's respective heirs, beneficiaries, devisees, transferees, legatees, executors, administrators, trustees, conservators, guardians, administrators, estates, representatives, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, and assigns.

1.32    "Service Awards" shall have the meaning specified in Section IV.7.2.

1.33    "Settlement" means the settlement set forth in this Settlement Agreement.

1.34    "Settlement Administration" means the distribution of notice, and processing and distribution of payments to Settlement Class Members by the Settlement Administrator.

1.35    "Settlement Administrator" means Verita Global (f/k/a KCC) ("Verita"), a company experienced in administering class action settlement payments generally and specifically those of the type provided for and made in data-breach litigation.

1.36    "Settlement Class" means all Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack. The Settlement Class shall not include the judge to whom the Litigation is assigned and any member of the judge's staffs or immediate family members, and any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Cyberattack or who pleads *nolo contendere* to any such charge.

1.37    "Settlement Class Member(s)" means all Persons within the defined Settlement Class who do not timely and validly opt out of the Settlement Class pursuant to Section IV.4.1.

1.38    "Settlement Fund" means an amount equal to Six Hundred Twenty-Five Thousand

Dollars ($625,000), which shall be used to pay for: (i) cash payments to Settlement Class Members as provided in Section IV.2; (ii) Costs of Settlement Administration; (iii) any Service Awards approved by the Court; (iv) any Attorneys' Fees and Expenses Award approved by the Court; and (v) the CAFA Notice.

1.39    "Settlement Payment" means the payment made by Defendant to establish the Settlement Fund, as described in Section IV.2.1.

1.40    "Settlement Website" shall have the meaning specified in Section IV.3.3(c).

1.41    "Short Notice" means the short notice of the proposed class action settlement, substantially in the form of **Exhibit 1** to this Settlement Agreement, sent via email to members of the Settlement Class for whom Defendant possess email addresses, and via single postcard to members of the Settlement Class for whom Defendant possesses postal addresses. The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice. The Short Notice will also inform the Settlement Class, *inter alia*, of the Opt-Out Date and Objection Date.

1.42    "Short Notice Completion Date" means forty-five (45) days after the entry of the Preliminary Approval Order.

1.43    "Signing Date" means the date of the final Party signature to this Agreement.

1.44    "United States" means the District of Columbia and all United States and territories.

1.45    "Unknown Claim(s)" means any Released Claim that any Releasing Person does not know or suspect to exist at the time of the release of the Released Persons that, if known by the Releasing Person, might have affected his or her settlement with, and release of, the Released Persons, or might have affected the Releasing Person's decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Releasing Persons intend to and shall be deemed to have, and by operation of the Final Judgment Order shall have, released any and all Released

11

Claims, including Unknown Claims, as set forth in Section IV.6.

1.46    "USPS" means the United States Postal Service.

1.47    All time periods herein stated in terms of "days" shall be in calendar days unless otherwise expressly stated.

## 2.    **Settlement Benefits**

2.1    In consideration for the releases contained in this Settlement Agreement, including without limitation as set forth in Section IV.6, without waiver and in complete reservation of all rights, within fifteen (15) days after the Effective Date, Defendant will establish the Settlement Fund by causing the Settlement Payment of $625,000 to be advanced to the Settlement Administrator, less any amounts caused by Defendant to be paid to the Settlement Administrator for Costs of Settlement Administration prior to the Effective Date. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Final Judgment Order.  Except as otherwise expressly set forth in this Settlement Agreement, the Settlement Payment shall be Defendant's sole payment obligation with respect to the Settlement. In no event shall Defendant have any obligation whatsoever to make any payment, distribution, or contribution, or incur any cost, expense, or liability, related to the settlement, Settlement Administration, or any other aspect of this Settlement Agreement, or to Plaintiffs, the Settlement Class, Class Counsel, or the Settlement Administrator, in excess of the Settlement Payment.

2.2    Any Costs of Settlement Administration that are required to be paid prior to the Effective Date will be caused to be paid directly by Defendant.  The total amount paid for Costs of Settlement Administration prior to the Effective Date shall be treated as if paid from the Settlement Fund and shall reduce the amount that Defendant will cause to be paid into the Settlement Fund after the Effective Date.  Any Costs of Settlement Administration that are owed after the funding of the Settlement Fund pursuant to Section IV.2.1 shall be paid directly from the

Settlement Fund.

2.3    The Settlement Administrator shall distribute the remaining funds in the Settlement Fund equally per capita to each Settlement Class Member after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Settlement Administration, and the CAFA Notice. All such per-capita payments shall be made within forty-five (45) days after the Effective Date. If such payments are distributed via mailed checks, all such checks shall be void one hundred eighty (180) days after issuance and shall bear the language: "This check must be cashed within one hundred eighty (180) days, after which time it is void." If a check becomes void, requests for re-issuance need not be honored by the Settlement Administrator.  If any amount remains in the Settlement Fund after all issued checks have become void, the Parties will instruct the Settlement Administrator to make a second distribution of those funds in equal amounts to all Settlement Class Members who redeemed or cashed their initial payments. If, however, the residual amount in the Settlement Fund is insufficient to permit a second payment amount of at least $5 to all such Settlement Class Members, then the Parties shall instruct the Settlement Administrator to make a *cy pres* payment by donating all remaining funds to the Carnegie Science Center.

2.4    The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the Settlement is not approved by the Court, or if this Settlement Agreement is terminated or canceled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Party's position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved. For the avoidance of doubt, by agreeing to the certification of the Settlement

13

Class, and by taking other steps to negotiate, execute, and implement this Settlement Agreement, Defendant does not admit, concede, or waive any right or claim it may have to request or require arbitration of any claim or to enforce any arbitration agreement or class-action waiver in relation to any Person, including without limitation Settlement Class Members; such rights and claims include, in Defendant's sole discretion, without limitation: (a) to enforce arbitration and class-action waiver with respect to any of the Released Claims if this Settlement Agreement is not approved by the Court, if the Effective Date does not occur for any reason, or if this Settlement Agreement is terminated or cancelled; (b) to enforce arbitration and class-action waiver with respect to any Person who timely and validly opts out of this Settlement Agreement pursuant to Section IV.4.1; and (c) to enforce arbitration and class-action waiver with respect to any other dispute, claim, or proceeding.

### 3.   Order of Preliminary Approval and Publishing of Notice of Final Approval Hearing

3.1    As soon as practicable after the Signing Date, Class Counsel shall submit this Settlement Agreement to the Court as part of a motion for preliminary approval of the Settlement with the Court, requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit 3**, requesting, *inter alia:*

a)    certification of the Settlement Class for settlement purposes only pursuant to Section IV.2.3;

b)    preliminary approval of this Settlement Agreement as set forth herein;

c)    appointment of Class Counsel as settlement class counsel;

d)    appointment of Plaintiffs as class representatives;

e)    approval of the Short Notice to be emailed or mailed to members of the Settlement Class in a form substantially similar to the one attached as **Exhibit 1** to this Settlement Agreement;

14

f)      approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit 2** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the Settlement and notice of Settlement are legitimate and that the Settlement Class are entitled to benefits under the Settlement, the general terms of the Settlement, instructions for how to object to or opt-out of the Settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

g)      appointment of Verita as the Settlement Administrator.

3.2      The Short Notice and Long Notice have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Parties prior to submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of notice.

3.3      The Settlement Fund shall be used to pay for notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with all other Costs of Settlement Administration. Any Attorneys' Fees and Expenses Award to Class Counsel, and any Service Awards to the Class Representatives, as approved by the Court, shall be paid solely from the Settlement Fund as set forth in Section IV.7 below. Notice shall be provided to the Settlement Class by the Settlement Administrator as follows:

a)      *Class Member Information*: No later than five (5) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class Member Information.

b)      The Class Member Information shall be deemed confidential and used by the Settlement Administrator solely for the purpose of performing its obligations

pursuant to this Agreement and shall not be used for any other purpose at any time. The Class Member Information will be stored securely at all times by the Settlement Administrator.  Except to administer the Settlement as provided in this Settlement Agreement or upon a joint written request, the Settlement Administrator shall not reproduce, copy, store, share, or distribute in any form, electronic or otherwise, the Class Member Information, including without limitation to Class Counsel. The Settlement Administrator shall delete all information associated with the Litigation, including the Class Member Information, when it no longer has a legal requirement to retain such data.

c)     *Settlement Website:* Prior to the dissemination of the Short Notice, the Settlement Administrator shall establish the Settlement Website, at a URL agreed to by the Parties, that will inform members of the Settlement Class of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Preliminary Approval Order; (iii) this Agreement; (iv) the Complaint; and (v) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall be activated by the Notice Commencement Date and shall remain active, maintained, and updated by the Settlement Administrator until one hundred eighty (180) days after the Effective Date.

d)     *Short Notice:* By the Notice Commencement Date, the Settlement Administrator will begin providing the Short Notice to the Settlement Class, which provision shall be substantially completed by the Short Notice Completion Date. Subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide the Short Notice to the Settlement Class

as follows:

i)      Via email to those members of the Settlement Class for whom Defendant has already compiled email addresses on its existing notice list (if any);

ii)     Via mail to the postal address in Defendant's possession. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of members of the Settlement Class through the USPS National Change of Address database to update any change of address on file with the USPS;

iii)    In the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall resend the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

iv)     In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular member of the Settlement Class in question and, if such an address is ascertained, the Settlement Administrator will resend the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e)      On or before the Notice Commencement Date, the Settlement Administrator shall publish a notice substantially in the form of the Short Notice in a general publication that reaches the entire United States, such as PR Newswire;

f)      On or before the Notice Commencement Date, the Settlement Administrator shall establish a toll-free help line with a live operator to provide members of the Settlement Class with additional information about the settlement, including copies of the Long Notice, as well as this Settlement Agreement, upon request; and

g)      Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and the Settlement Administrator shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.4     The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Settlement Administrator in consultation and agreement with the Parties as may be reasonable and not inconsistent with such approval. The Notice Program shall commence by the Notice Commencement Date.

3.5     The Parties through their respective counsel shall request that the Court hold a hearing no fewer than one hundred twenty (120) days after the Preliminary Approval Order and grant final approval of the Settlement. Class Counsel shall file a Motion for Final Approval at least ten (10) days before the Final Approval Hearing (or at such other time as ordered by the Court).

**4.      Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign (with a physical signature) and timely submit a written notice to the Settlement Administrator of such intent by (a) mailing it with a postmark by the Opt-Out Date to a designated Post Office box established by the Settlement Administrator, or (b) emailing it to the Settlement Administrator using the email address provided on the Settlement Website. To be effective, the written opt-out

18

notice must include the following: (a) the requestor's full name, postal address, and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this Settlement. To be effective, written notice must be postmarked or emailed no later than the Opt-Out Date. Opt-Outs must be on an individual basis, and no Person may opt-out any other individual.

4.2     Opt-Outs shall not be entitled to, nor shall they receive, any benefits provided to Settlement Class Members as set forth herein, nor shall they be bound by the terms of this Settlement Agreement. All Persons otherwise falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in Section IV.4.1 shall be bound by the terms of this Settlement Agreement and Final Judgment Order entered thereon.

5.     **Objection Procedures**

5.1     Each Settlement Class Member desiring to object to this Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (a) the objector's full name, postal address, and email address; (b) the case name and number, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; (c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Cyberattack, or a statement explaining why the objector believes he or she is a Settlement Class Member); (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (g) the objector's signature or the signature of the objector's duly

authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the Western District of Pennsylvania, or by mailing it to the Deputy Clerk, Elizabeth Abbott, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street Pittsburgh, PA 15219, and mailing it to Class Counsel and Defendant's counsel with a postmark or filing date no later than the Objection Date.

5.2    Any Settlement Class Member who fails to comply with the requirements for objecting in Section IV.5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to this Settlement Agreement, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to this Settlement Agreement shall be through the provisions of Section IV.5.1. Without limiting the foregoing, any challenge to this Settlement Agreement or the Final Judgment Order approving this Settlement Agreement shall be pursuant to appeal under the Federal Rules of Civil Procedure and not through a collateral attack.

**6.    Releases**

6.1    Upon the Effective Date, and in consideration of the good and valuable consideration set forth in this Agreement, each Releasing Person shall be deemed to have, and by operation of the Final Judgment Order shall have, fully, finally, and forever waived, acquitted, released, relinquished, and discharged all Released Persons from all Released Claims, including, without limitation, Unknown Claims, to the fullest extent permitted by law. Further, upon the Effective Date, and to the fullest extent permitted by law, each Releasing Person shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any

20

other capacity whatsoever, be permanently barred and forever enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, and in consideration of the good and valuable consideration set forth in this Agreement, each Releasing Person shall be deemed to have, and by operation of the Final Judgment Order shall have covenanted and agreed that they shall not, at any point on or after the Effective Date, sue or otherwise seek to assert or establish any claim or liability of any kind whatsoever against any of the Released Persons based, in whole or in part, upon any of the Released Claims.

6.3     Upon the Effective Date, and in consideration of the good and valuable consideration set forth in this Agreement, each Releasing Person shall be deemed to have, and by operation of the Final Judgment Order shall have expressly acknowledged and agreed (i) it is possible that other injuries, damages, losses, consequences, or results arising from or relating to the Cyberattack are not currently known by Releasing Persons and may arise, develop, exist, or be discovered in the future; and (ii) the Released Claims are expressly intended to and do cover and include without limitation all such future injuries, damages, losses, consequences, and results.

6.4     Upon the Effective Date, and in consideration of the good and valuable consideration set forth in this Agreement, each and every Releasing Person shall be deemed to have, and by operation of the Final Judgment Order shall have, expressly, knowingly, and intentionally waived, released, relinquished, and discharged, to the fullest extent permitted by law, any and all provisions, rights, benefits, and protections conferred by Cal. Civ. Code § 1542 and any statute, principle of common law, or enactment in any jurisdiction that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

21

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasing Persons acknowledge that they may discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true, and Releasing Persons further acknowledge the possibility that they will later discover Unknown Claims arising out of or related to the Cyberattack. Nevertheless, Releasing Persons intend for the releases set forth in this Agreement to be binding and extend to all Released Claims, including without limitation Unknown Claims. The Parties acknowledge, and Releasing Persons shall be deemed by operation of the Final Judgment Order to have acknowledged, that the provisions of this Section and the inclusion of "Unknown Claims" in the definition of Released Claims were separately bargained for and are material elements of the settlement and this Settlement Agreement.

### 7. Class Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Class Representatives

7.1     Within forty-five (45) days after the Notice Commencement Date, Class Counsel will move the Court for an award of their reasonable attorneys' fees incurred in the Litigation in an amount not to exceed thirty-three and one-third percent (33.33%) of the Settlement Fund, and reimbursement of documented costs and expenses of an amount not to exceed $10,000.00. The amount of the Attorneys' Fees and Expenses Award shall ultimately be determined by the Court. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.2     Subject to Court approval, Class Counsel will move the Court for Service Awards to the Class Representatives of up to $5,000 each. The amount of the Service Awards shall ultimately be determined by the Court.

7.3     It is not a condition of this Settlement Agreement that any particular amount of

22

attorneys' fees, costs, or expenses or Service Awards be approved by the Court, or that such fees, costs, expenses, or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, in whole or in part, or affect or delay the finality of the Final Judgment Order and final judgment of all claims in the Litigation. Defendant reserves the right to object to and oppose any requested Attorneys' Fees and Expenses Award or any Service Award.

7.4     If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Attorneys' Fees and Expenses Award and any Service Awards for the Class Representatives, as set forth in Sections IV.7.1 and IV.7.2 in the amounts awarded by the Court within thirty (30) days after the Effective Date. Payment will be made to Lynch Carpenter, LLP, attn: Jamisen A. Etzel, at 1133 Penn Avenue, 5th Floor Pittsburgh, PA 15222. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among themselves and the Service Awards to Plaintiffs consistent with Sections IV.7.1 and IV.7.2.

**8.     Administration of Settlement**

8.1     The Settlement Administrator shall provide Class Counsel and Defendant's counsel reports of all distributions and payments from the Settlement Fund upon request. Class Counsel and Defendant's counsel shall have the right to obtain and review further supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

8.2     No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, the Class Representatives, and/or Defendant's counsel based on any distribution or payment from the Settlement Fund.

8.3     Within ten (10) days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Settlement Administrator on behalf of the Defendant shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred

in connection with the preparation and service of the CAFA Notice shall be paid from the Settlement Fund.

8.4     The Settlement Payment provided by Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved "qualified settlement fund" pursuant to Section 1.468B-1, *et seq*., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account insured by the Federal Deposit Insurance Corporation at a financial institution approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date shall mean one (1) business day after the occurrence of all of the following events: (i) the Settlement pursuant to this Settlement Agreement is finally approved by the Court; and (ii) the time to appeal or seek permission to appeal from the Final Judgment Order and Judgment has expired or, if appealed, any appeal has been dismissed in its entirety, or the Final Judgment Order has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any Attorneys' Fees and Expense Award or Service Awards made in this case shall not affect the calculation of the Effective Date.

9.2     If the Court does not approve this Settlement Agreement or the Effective Date does not occur for any reason, this Settlement Agreement shall be canceled and terminated subject to Section IV.9.5 unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with this Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel the Opt-Out List, including a complete list of

all timely and valid requests for exclusion.

9.4    This Settlement Agreement may be terminated and canceled at the sole and exclusive discretion of Defendant if a certain number of individuals within the Settlement Class, previously agreed to in a Confidential Class Action Settlement Term Sheet between the Parties and their counsel, timely and validly opt out of the Settlement Class pursuant to Section IV.4.1, on the ground that such exclusion would frustrate the essential purpose of this Agreement. Defendant may exercise its right to terminate this Settlement Agreement under this paragraph by providing written notification to Class Counsel of its election within five (5) business days after the Settlement Administrator has delivered the Opt-Out List to the Parties.

9.5    Subject to Section IV.9.2, in the event that this Settlement Agreement or the releases set forth herein are not approved by the Court, the Effective Date does not occur for any reason, or the Settlement is terminated in accordance with its terms, (a) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel, and (b) the terms and provisions of this Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of the Attorneys' Fees and Expenses Award and/or the Service Awards shall constitute grounds for cancellation or termination of this Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, in the event this Agreement is cancelled or terminated after the Settlement Fund is established, the Settlement Fund shall be used to pay any Costs of Settlement Administration that have already been incurred by the Settlement Administrator, and the remaining Settlement Fund shall be paid

back to Defendant or its insurer, as the case may be.

**10.    Miscellaneous Provisions**

10.1    The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement, as permitted and in accordance with applicable law.

10.2    The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the Settlement was negotiated in good faith by the Parties, and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum (other than in the Litigation itself) that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3    Neither this Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Persons may file this Settlement Agreement and/or the Final Judgment Order in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of

*res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.5    The recitals in Sections I, II, and III, and all exhibits to this Settlement Agreement are a material part of the Settlement and are incorporated and made a part of this Agreement.

10.6    Except as otherwise expressly set forth herein, this Settlement Agreement, including all exhibits hereto, contains the entire understanding between the Parties regarding settlement of the Litigation and supersedes all previous negotiations, agreements, commitments, understandings, and writings between the Parties related to settlement of the Litigation. Aside from the express provisions of this Agreement, the Parties each acknowledge that they have not relied upon any representation or statement made by any other Party or Person with respect to the subject matter, basis, and effect of this Agreement.

10.7    The Parties agree that this is a compromise of disputed claims and neither party is a prevailing party. The Parties agree that they will not assert or claim to be a prevailing party in the Litigation. The Parties shall each be responsible for their own attorney's fees and costs, except as specified in this Agreement.

10.8    Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Class Representatives to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.9    Each counsel or other Person executing this Settlement Agreement on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

27

10.10   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.11   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.12   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of this Agreement and shall retain jurisdiction for the purpose of enforcing all terms of this Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

10.13   As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

10.14   This Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania.

10.15   All dollar amounts are in United States dollars (USD).

10.16   All agreements made and orders entered during the course of the Litigation relating

to the confidentiality of information shall survive this Settlement Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408. The Parties and their counsel further agree that they shall not use any of the documents and information provided to them during the course of the Litigation for any purpose other than accomplishing the terms and conditions of this Settlement Agreement.

10.17   Defendant shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of attorneys' fees and expenses to Class Counsel, and any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees or expense awarded to Class Counsel in this lawsuit.

10.18   Except as required by law or any other disclosure obligations, or as provided herein, the Parties, and the Parties' counsel, shall not issue, publish, or cause to be issued or published any press releases, make any postings on social media, or contact any media outlet about the Litigation or the settlement; however, Defendant may respond to relevant posts on Defendant's website or social media sites, and a Party or the Party's counsel may also respond to any press inquiry about the Litigation or the Settlement with a responsive statement approved in advance by the opposing Party or the opposing Party's counsel. Counsel for the Parties may identify this case, its nature, and the fact that it settled on their personal or firm resumes and on their websites.

10.19   The attached Appendix A compiles the material dates and deadlines established by this Agreement. Appendix A is provided for convenience and should not be interpreted to alter the substance of this Agreement in any way.

[SIGNATURES SET FORTH ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Settlement Agreement by the duty authorized representatives set forth below.

**Class Counsel**

By: _____

Gary F. Lynch
gary@lcllp.com
Jamisen A. Etzel
jamisen@lcllp.com
Nicholas A. Colella
nickc@lcllp.com
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243


By: _____

Marc E. Dann
mdann@dannlaw.com
Brian D. Flick
bflick@dannlaw.com
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone:  (216) 373-0539


**Plaintiffs/Class Representatives**

By: _____
Hokky Tjahjono


By: _____
Miles Black


**Counsel for Defendant**

By: _____

Rebekah B. Kcehowski
rbkcehowski@jonesday.com
Connor J. Baer
cbaer@jonesday.com
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939


**Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation**

By: _____

31

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed

this Settlement Agreement by the duty authorized representatives set forth below.


**Class Counsel**


By: _____

Gary F. Lynch
gary@lcllp.com
Jamisen A. Etzel
jamisen@lcllp.com
Nicholas A. Colella
nickc@lcllp.com
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243


By: _____

Marc E. Dann
mdann@dannlaw.com
Brian D. Flick
bflick@dannlaw.com
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone:  (216) 373-0539


**Plaintiffs/Class Representatives**


By: _____
Hokky Tjahjono


By: _____
Miles Black


**Counsel for Defendant**


By: _Becky Kcehowski_____

Rebekah B. Kcehowski
rbkcehowski@jonesday.com
Connor J. Baer
cbaer@jonesday.com
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939


**Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation**


By: _____

31

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed

this Settlement Agreement by the duty authorized representatives set forth below.

**Class Counsel**

By: _____

Gary F. Lynch
gary@lcllp.com
Jamisen A. Etzel
jamisen@lcllp.com
Nicholas A. Colella
nickc@lcllp.com
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

By: _____

Marc E. Dann
mdann@dannlaw.com
Brian D. Flick
bflick@dannlaw.com
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539

**Plaintiffs/Class Representatives**

By: _____
Hokky Tjahjono

By: _____
Miles Black

**Counsel for Defendant**

By: _____

Rebekah B. Kcehowski
rbkcehowski@jonesday.com
Connor J. Baer
cbaer@jonesday.com
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939

**Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation**

By: _____

31

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Settlement Agreement by the duty authorized representatives set forth below.

**Class Counsel**

By: _____

Gary F. Lynch
gary@lcllp.com
Jamisen A. Etzel
jamisen@lcllp.com
Nicholas A. Colella
nickc@lcllp.com
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

By: _____

Marc E. Dann
mdann@dannlaw.com
Brian D. Flick
bflick@dannlaw.com
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539

**Plaintiffs/Class Representatives**

By: _____
Hokky Tjahjono

By: _____
Miles Black

**Counsel for Defendant**

By: _____

Rebekah B. Kcehowski
rbkcehowski@jonesday.com
Connor J. Baer
cbaer@jonesday.com
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939

**Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation**

By: _____

31

Doc ID: 03e0948de10160508c3a0d8b184254b992b3c924

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Settlement Agreement by the duty authorized representatives set forth below.

**Class Counsel**                                    **Counsel for Defendant**


By: _____            By: _____

Gary F. Lynch                                        Rebekah B. Kcehowski
gary@lcllp.com                                       rbkcehowski@jonesday.com
Jamisen A. Etzel                                     Connor J. Baer
jamisen@lcllp.com                                    cbaer@jonesday.com
Nicholas A. Colella                                  JONES DAY
nickc@lcllp.com                                      500 Grant St., Suite 4500
**LYNCH CARPENTER LLP**                              Pittsburgh, PA 15219
1133 Penn Avenue, 5th Floor                          Telephone: (412) 391-3939
Pittsburgh, PA 15222
Telephone: (412) 322-9243


By: *Brian D. Flick*                     **Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation**

Marc E. Dann
mdann@dannlaw.com                                    By: _____
Brian D. Flick
bflick@dannlaw.com
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone:  (216) 373-0539


**Plaintiffs/Class Representatives**


By: _____
Hokky Tjahjono


By: _____
Miles Black

31

## APPENDIX A

## SETTLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant provides Class Member Information to Settlement Administrator | +5 days |
| Settlement Administrator sends CAFA Notice | +10 days |
| Notice Commencement Date, including activation of the Settlement Website | +30 days |
| Short Notice Completion Date | +45 days |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +75 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Settlement Administrator provides Opt-Out List to Parties | +97 days (i.e., within 7 days after the Opt-Out Date) |
| Deadline for Defendant to terminate this Settlement Agreement based on number of Opt-Outs | +97 days and 5 business days (i.e., within 5 business days after Settlement Administrator provides the Opt-Out List) |
| Motion for Final Approval | At least 10 days before Final Approval Hearing |
| **Final Approval Hearing** | +120 days |
| **From Order Granting Final Approval** | |
| Effective Date | +30 days and 1 business day, assuming no appeals |
| **From Effective Date** | |
| Defendant causes Settlement Payment to be paid to Settlement Administrator to establish Settlement Fund | +15 days |
| Payment of Attorneys' Fees and Expenses and Class Representative Service Awards | +30 days |
| Payments to Settlement Class Members from Settlement Fund | +45 days |
| Settlement Website deactivated by Settlement Administrator | +180 days |

Exhibit 1

**Subject: NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

PLEASE READ THIS NOTICE CAREFULLY. A class-action settlement in the Litigation captioned *Hokky Tjahjono, et al. v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-531 in the U.S. District Court for the Western District of Pennsylvania has been reached. The case concerns a Cyberattack against the defendant, Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation. You are receiving this notice because Wabtec's records show that your Personal Information was potentially compromised as a result of the Cyberattack.

In the Litigation, Plaintiffs alleged that Wabtec was negligent and/or breached a contract when certain Personal Information in its possession was accessed or potentially accessed during the Cyberattack. Wabtec denies all claims asserted, denies any and all allegations of wrongdoing and inadequate security, and disclaims all liability relating to and arising out of the Cyberattack. Nevertheless, Wabtec has considered the uncertainty and risks inherent in any litigation and concluded that contesting the Litigation further could be protracted and expensive, and thus has agreed to pay $625,000 into a Settlement Fund to resolve the Litigation and avoid further expense, inconvenience, and burden.

**Who's Included in the Settlement Class?** The Settlement Class includes all Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack. **If you are a member of the Settlement Class, you do not have to do anything to participate in and receive the benefits of the proposed Settlement.**

**How Do I Get a Payment?** If you are a Settlement Class Member, your payment will be sent automatically by first class U.S. Mail to your last known postal address on file with Wabtec.

**By participating in the proposed Settlement, you release your right to bring or join any action or claim against Wabtec covered by the proposed Settlement, including any past, present, or future claim related to the Cyberattack.**

**What Are My Other Options?** If you do not want to participate in the proposed Settlement—i.e., you do not want to receive any benefit from the Settlement, and you do not want to be bound by any judgment entered in the Litigation—you may exclude yourself by mailing a signed opt-out request to the Settlement Administrator, which must be postmarked no later than [OPT-OUT DATE]. If you instead want to object to the proposed Settlement because you think it is not fair, adequate, or reasonable, you may submit an objection, which must be postmarked no later than [OBJECTION DATE]. In either event, you must follow the detailed instructions outlined in the Settlement Agreement and the Long Notice, which can both be found at www.PLACEHOLDER.com, to properly opt-out from, or object to, the proposed Settlement.

**What Happens Next?** The Court has preliminarily approved the proposed Settlement, but the distribution of payments will occur only if the Court grants final approval of the proposed Settlement. The Final Approval Hearing in this case is scheduled for [DATE]. At that hearing, the

Court will consider whether to grant final approval of the proposed Settlement, and whether to approve payment from the Settlement Fund of: (1) awards to the Settlement Class Representatives for their service in the Litigation; and (2) Class Counsel's requested attorneys' fees, which will not exceed thirty-three and one-third percent (33.33%) of the Settlement Fund and will be posted on the Settlement Website after [DEADLINE FOR MOTION FOR FEES], and reimbursement for litigation costs.

**You are encouraged to review the Settlement Agreement and the Long Notice, which, along with other important documents and information, are available on the Settlement Website at www.PLACEHOLDER.com.  This notice only summarizes the proposed Settlement; more details are contained in the Settlement Agreement.  This notice contains certain capitalized, defined terms, which are defined specifically in the Settlement Agreement.  In the event of any inconsistency between the Settlement Agreement and this notice, the Settlement Agreement will govern.**

**If you have any questions, you can contact Class Counsel: Jamisen A. Etzel at Lynch Carpenter, LLP, (412) 322-9243, or Marc E. Dann at DannLaw, (216) 373-0539.**

**You can also contact the Settlement Administrator by calling toll-free [PLACE HOLDER], or by emailing [PLACE HOLDER].**

**PLEASE DO NOT CONTACT THE COURT OR WABTEC
CONCERNING THIS NOTICE OR THE PROPOSED SETTLEMENT**

Exhibit 2

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## PLEASE READ THIS NOTICE CAREFULLY

**To:** All Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack against Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation;

A proposed Settlement has been reached in the class-action Litigation captioned *Hokky Tjahjono, et al. v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-531 in the U.S. District Court for the Western District of Pennsylvania. The Litigation asserted claims against Wabtec arising out of the Cyberattack.

The United States District Court for the Western District of Pennsylvania has authorized this notice. It is not a solicitation from a lawyer. You are not being sued. If you have received a notice of this lawsuit in the mail or by e-mail, you have been identified as a person who is or may be a member of the Settlement Class in this lawsuit, and the proposed settlement of this lawsuit, if approved, may affect your legal rights. You should read this notice carefully.

## SUMMARY OF THE OPTIONS AND THE LEGAL EFFECT OF EACH OPTION FOR SETTLEMENT CLASS MEMBERS

| YOUR OPTIONS | INSTRUCTIONS | DUE DATE |
|---|---|---|
| **DO NOTHING AND AUTOMATICALLY RECEIVE A PAYMENT** | Your payment will be sent automatically by first class U.S. Mail to your last known postal address on file with Wabtec. | See Answer 8 below. |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT** | You can choose to "opt out" of the proposed Settlement. Opting out means that you choose not to participate in the proposed Settlement. It also means that you cannot object to the proposed Settlement (see below). If you opt out, you will not receive a payment and you will keep any individual claims you may have against Wabtec relating to the Cyberattack. Be aware that the statute of limitations may impact your ability to file a claim. For more detailed opt-out instructions, see Answer 10 below. | Postmarked no later than OPT-OUT DATE |
| **OBJECT TO THE PROPOSED SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the proposed Settlement. If your objection is overruled by the Court and the proposed Settlement is approved, then you would be included in the Settlement Class. If | Postmarked no later than OBJECTION DATE |

1

| | the Court agrees with your objection, then the proposed Settlement may not be approved. If you choose to object, you may not also opt out of the proposed Settlement, as only participating class members may object to a proposed Settlement. For more detailed objection instructions, see Answer 11 below. | |

These rights and options—and the deadlines to exercise them—along with the material terms of the proposed Settlement are explained further below in this notice.

## BASIC INFORMATION

### 1.    What is this lawsuit about?

The class action being settled is captioned *Hokky Tjahjono, et al. v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-531. This case is a putative class action, meaning that the Class Representatives—Hokky Tjahjono and Miles Black—brought this action as individuals acting on behalf of a putative class of all people whose Personal Information was potentially compromised in the Cyberattack. The Class Representatives alleged claims for negligence, breach of contract, and unjust enrichment. After motions practice and a comprehensive mediation, the Parties came to the proposed Settlement.

### 2.    Why did I receive notice of this lawsuit?

If you received notice of this lawsuit, it is because Wabtec's records indicate that your Personal Information was potentially compromised in the Cyberattack. The Court directed that this notice be made available to all members of the Settlement Class because each member has a right to notice of the proposed Settlement and the options available to them before the Court decides whether to approve the proposed Settlement.

### 3.    Why did the Parties settle?

In any lawsuit, there are risks and potential benefits that come with litigating as compared to settling. It is the Class Representatives' and Class Counsel's job to identify when a proposed Settlement offer is sufficient and justifies settling the case instead of continuing to litigate. In a class action, class counsel determines when to recommend settling to the class representatives. The class representatives then have a duty to act in the best interests of the class as a whole when deciding whether to accept this recommendation. In this case, it is the belief of the Class Representatives and Class Counsel that this proposed Settlement is in the best interest of all Settlement Class Members.

Wabtec denies all claims asserted, denies any and all allegations of wrongdoing and inadequate security, and disclaims all liability relating to and arising out of the Cyberattack. Nevertheless, Wabtec has considered the uncertainty and risks inherent in any litigation and concluded that contesting the Litigation further could be protracted and expensive, and thus has agreed to resolve

the Litigation solely to avoid further expense, inconvenience, and burden. Given the benefits that Wabtec and the Settlement Class will receive from a negotiated settlement and prompt resolution of the case, the Parties consider it desirable to resolve the Litigation.

**4.      What must happen for the proposed Settlement to be approved?**

The Court must decide that the proposed Settlement is fair, reasonable, and adequate before it will approve the proposed Settlement. At this time, the Court has already reviewed and decided to grant preliminary approval of the proposed Settlement, after which notice was disseminated to members of the Settlement Class. The Court will make a final decision regarding the proposed Settlement at a Final Approval Hearing, which is currently scheduled for [DATE].

<u>**YOUR OPTIONS**</u>

**5.      What options do I have with respect to the proposed Settlement?**

If you are a member of the Settlement Class, you have three options with respect to this proposed Settlement: (1) do nothing and be eligible to participate in the proposed Settlement and receive the Settlement benefits allocated to you according to the terms of the proposed Settlement; (2) opt out of the proposed Settlement; or (3) participate in the proposed Settlement, but object to it. Each of these options is described further below.

**6.      What are the details and deadlines related to my options?**

    a.      If you do nothing, and the proposed Settlement is approved by the Court, you will be eligible to participate in the proposed Settlement and to receive the Settlement benefits allocated to you according to the terms of the proposed Settlement. Your payment will be sent automatically by first class U.S. Mail to your last known postal address on file with Wabtec.

    b.      If you would like to opt out or object to the proposed Settlement, your request must be postmarked no later than OPT-OUT/OBJECTION DEADLINE.

**7.      How do I decide which option to choose?**

If you would prefer not to participate in the proposed Settlement, then you may want to consider opting out. If you opt out, you will not receive a payment and you will keep any individual claims you may have against Wabtec relating to the Cyberattack. Be aware that the statute of limitations may impact your ability to bring a claim.

If you believe the proposed Settlement is unreasonable, unfair, or inadequate, and that the Court should reject the proposed Settlement, you may want to consider objecting to the proposed Settlement. The Court will decide if your objection is valid. If the Court agrees with your objection, then the proposed Settlement may not be approved. If your objection (or any other objection) is overruled, and the proposed Settlement is approved, then you will still receive a payment under the proposed Settlement and you will be bound by the proposed Settlement. Note that if you do not object to the proposed Settlement, and the proposed Settlement is later approved, you cannot appeal that approval order.

**8.      Do I have to do anything if I want to participate in the proposed Settlement?**

No. If you do nothing, and the proposed Settlement is approved by the Court, you will be eligible to participate in the proposed Settlement and to receive the Settlement benefits allocated to you according to the terms of the proposed Settlement. Your payment will be sent automatically by first class U.S. Mail to your last known postal address on file with Wabtec.

## OPTING OUT OF THE PROPOSED SETTLEMENT

**9.      What happens if I opt out of the proposed Settlement?**

If you opt out of the proposed Settlement, you will preserve any claims you may have against Wabtec related to the Cyberattack. However, you will not be entitled to receive a payment from this proposed Settlement—assuming that the proposed Settlement is approved by the Court. Be aware that the statute of limitations may impact your ability to bring a claim.

**10.     How do I opt out of the proposed Settlement?**

To opt out of the proposed Settlement, you must send a written request to the Settlement Administrator at: [insert address/email], which must:

a.      include a statement that clearly manifests your wish to be excluded from the Settlement Class;

b.      be physically signed by you;

c.      include your full name, postal address, and email address;

d.      include the caption for the Litigation: *Hokky Tjahjono, et al. v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-531; and

e.      be postmarked no later than OPT-OUT DEADLINE.

A request to opt out of the proposed Settlement that does not meet the above requirements, or that is sent to an address other than that of the Settlement Administrator, will be invalid and the person sending the defective request will remain in the Settlement Class and, if the proposed Settlement is approved by the Court, will receive a payment, and will be bound by the proposed Settlement.

A request to opt out of the proposed Settlement must be done on an individual basis. A Settlement Class Member cannot purport to opt others out of the proposed Settlement on a class or representative basis.

## OBJECTING TO THE PROPOSED SETTLEMENT

**11.     How do I object to the proposed Settlement?**

You can object to the proposed Settlement, or any part of it, so long as you do not opt out of the proposed Settlement, as only Settlement Class Members have the right to object to the proposed

Settlement, including any attorneys' fees sought by Class Counsel. To have your objection considered by the Court at the Final Approval Hearing, your objection must:

     a.       include your full name, postal address, and email address;

     b.       include information identifying you as a Settlement Class Member, with proof (*e.g.*, a copy of your settlement notice, a copy of your original notice of the Cyberattack, or a statement explaining why you believe you are a Settlement Class Member);

     c.       contain a statement that includes all objections, states whether each objection applies only to you, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon);

     d.       include the caption for the Litigation: *Hokky Tjahjono, et al. v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-531;

     e.       identify any counsel representing you in connection with the objection;

     f.       state whether you or your counsel (if any) wish to speak at the Final Approval Hearing;

     g.       be signed by you, the objecting Settlement Class Member, or your duly authorized representative (if any) representing you in connection with the objection; and

     h.       be postmarked no later than OBJECTION DEADLINE.

Your objection and any accompanying papers must be filed with the Clerk of Court. If you are represented by counsel, the objection must be filed through the Court's electronic case filing (ECF) system. All objections must also be mailed at the same time to Class Counsel, Wabtec's counsel, and the Settlement Administrator at the addresses below.

| Clerk of Court | Settlement Administrator | Class Counsel | Wabtec's Counsel |
|---|---|---|---|
| Clerk of the Court United States District Court for the Western District of Pennsylvania Joseph F. Weis, Jr., U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219 | insert | **LYNCH CARPENTER LLP** Attn: Jamisen Etzel 1133 Penn Avenue, 5th Floor Pittsburgh, PA 15222 <br><br> **DANNLAW** Attn: Marc E. Dann 15000 Madison Ave. Lakewood, OH 44107 15000 Madison Ave. Lakewood, OH 44107 | **JONES DAY** Attn: Rebekah B. Kcehowski 500 Grant St., Suite 4500 Pittsburgh, PA 15219 |

**12.    What happens if I object to the proposed Settlement?**

If you object to the proposed Settlement, the Court will consider your objection at the Final Approval Hearing. If the Court sustains your objection, or the objection of any other Settlement Class Member, the proposed Settlement may not be approved. If you object, but the Court overrules your objection and any other objections and approves the proposed Settlement, then you will be bound by the proposed Settlement, and you may appeal the approval order to the extent that it overrules your objection.

**13.    What is the difference between objecting and opting out of the proposed Settlement?**

Objecting to the proposed Settlement is telling the Court that you do not believe the proposed Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it. If you object to the proposed Settlement and the proposed Settlement is ultimately approved, then you are entitled to a payment and will release any claims related to the Cyberattack. Opting out of the proposed Settlement, however, is telling the Court that you do not want to be a part of the proposed Settlement if it is approved, you do not want to receive a payment, and you will not release claims you might have against Wabtec that would otherwise have been released by participating in the proposed Settlement.

**14.    Can I opt out and object to the proposed Settlement?**

No. To object to the proposed Settlement, you must participate in the proposed Settlement. Thus, you must choose between opting out or objecting to the proposed Settlement.

## THE PROPOSED SETTLEMENT PAYMENT

**15.    How much is this proposed Settlement?**

The Parties have agreed to a Settlement Fund of $625,000.

As discussed in more detail below, attorneys' fees and costs, contribution awards for the Class Representatives, and administrative fees, including the costs paid to a third-party Settlement Administrator, will be paid out of the Settlement Fund. Thereafter, the remaining funds will be divided among all Settlement Class Members entitled to payments as outlined in the proposed Settlement and discussed further below in Answer 19.

**16.    How much of the Settlement Fund will be used to pay for attorneys' fees and costs?**

Class Counsel will request that the Court approve attorneys' fees of not more than thirty-three and one-third percent (33.33%) of the Settlement Fund, and will request that Class Counsel be reimbursed for their out-of-pocket litigation costs incurred in the Litigation in an amount not to exceed $10,000. Class Counsel must submit their request to the Court by DEADLINE FOR MOTION FOR FEES, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at www.PLACEHOLDER.com. The Court will then decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the Litigation, the amount of time spent on the Litigation, the magnitude and complexity of the Litigation, the quality of the work, and the requested fee in relation to the outcome of the Litigation.

**17.    How much of the Settlement Fund will be used to pay the Class Representatives?**

Class Counsel will request that the Class Representatives, Hokky Tjahjono and Miles Black, be paid an award in the amount of no more than $5,000 each, in recognition of their work in connection with this case. The award must be approved by the Court.

**18.    How much of the Settlement Fund will be used to pay administrative expenses?**

A third-party Settlement Administrator was retained to provide notice and administer the payments to Settlement Class Members. The expenses of the Settlement Administrator are projected to not exceed $AMOUNT.

**19.    How much will my payment be?**

The balance of the Settlement Fund after paying administrative expenses, attorneys' fees and costs, and award to the Settlement Class Representatives will be distributed equally to Settlement Class Members. The Parties estimate that each Class Member will receive at least $15.

If any amount remains in the Settlement Fund after all issued checks have become void, the Parties will instruct the Settlement Administrator to make a second distribution of those funds in equal amounts to all Settlement Class Members who redeemed or cashed their initial payments. If, however, the residual amount in the Settlement Fund is insufficient to permit a second payment

amount of at least $5 to all such Settlement Class Members, then the Parties shall instruct the Settlement Administrator to make a *cy pres* payment by donating all remaining funds to the Carnegie Science Center.

**20.     When will I receive my payment?**

The Court will hold a Final Approval Hearing on HEARING DATE to consider whether the proposed Settlement should be approved. If the Court approves the proposed Settlement, then payments will be distributed within forty-five (45) days of the date after which the proposed Settlement becomes final and effective, as defined in the Settlement Agreement.

## THE FINAL APPROVAL HEARING

**21.     When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Final Approval Hearing on HEARING DATE at the United States District Court for the Western District of Pennsylvania, William S. Stickman IV, U.S. Courthouse, Courtroom 8B, 700 Grant Street, Pittsburgh, PA 15219. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If objections have been properly submitted, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the award to the Settlement Class Representatives. The hearing will be public. The hearing may be virtual, in which case the instructions for viewing the hearing and participating will be posted on the Settlement Website at www.PLACEHOLDER.com. The date and time of the Final Approval Hearing may change without further notice. Please check the Settlement Website for updates.

**22.     Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have properly submitted an objection, the Court will consider your objection regardless of whether you attend.

**23.     May I speak at the Final Approval Hearing?**

If you are a Settlement Class Member, you may ask the Court for permission to speak at the Final Approval Hearing. If you are objecting and would like to speak at the Final Approval Hearing, you must state in your objection, as described in Answer 11 above, that you wish to be heard at the Final Approval Hearing.

## THE LAWYERS REPRESENTING THE CLASS

**24.     Do I have a lawyer in this case?**

The Court has ordered that Jamisen A. Etzel of Lynch Carpenter, LLP and Marc E. Dann of DannLaw will serve as Class Counsel and will represent all Settlement Class Members in this matter.

**25.**    **Do I have to pay the lawyers bringing this suit on behalf of the Settlement Class?**

No. Class Counsel will be paid directly from the Settlement Fund, subject to the Court's approval.

**26.**    **Who determines what the attorneys' fees will be?**

The Court will be asked to approve the amount of attorneys' fees at the Final Approval Hearing. Class Counsel will file an application for attorneys' fees, which shall not exceed thirty-three and one-third percent (33.33%) of the Settlement Fund, plus their out-of-pocket litigation costs, and will specify the amount being sought in an amount not to exceed $10,000. Class Counsel must submit its request to the Court by DEADLINE FOR MOTION FOR FEES, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at www.PLACEHOLDER.com. Settlement Class Members who would like to object to the amount of attorneys' fees sought by Class Counsel may do so by following the instructions described in Answer 12 above.

## GETTING MORE INFORMATION

This notice only summarizes the proposed Settlement.  More details are contained in the Settlement Agreement, which can be viewed or obtained online at www.PLACEHOLDER.com.  This notice contains certain capitalized, defined terms, which are defined specifically in the Settlement Agreement.  In the event of any inconsistency between the Settlement Agreement and this notice, the Settlement Agreement will govern.

For additional information about the proposed Settlement, you should contact the Settlement Administrator as follows:

INSERT

For more information, you may also contact Class Counsel:

**LYNCH CARPENTER LLP**
Attn: Jamisen A. Etzel
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

**DANNLAW**
Attn: Marc E. Dann
15000 Madison Ave.
Lakewood, OH 44107

**PLEASE DO NOT CONTACT THE COURT OR WABTEC
CONCERNING THIS NOTICE OR THE PROPOSED SETTLEMENT.**

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 2:23-cv-531-WSS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION, | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT,
CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE
PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING**

**WHEREAS**, Plaintiffs Hokky Tjahjono and Miles Black, individually and as representatives of the Settlement Class defined below, and Defendant Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation have entered into a Settlement Agreement that was stipulated to on August 21, 2024, which, if approved, would resolve this Litigation.

**WHEREAS**, Plaintiffs have filed a motion for preliminary approval of the proposed Settlement, which Defendant does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the Notices, and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Notice be disseminated to the Settlement Class, and setting the Final Approval Hearing at which the Court will consider whether to grant final approval of the Settlement;

1

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement Agreement and its exhibits,

**IT IS HEREBY ORDERED** that:

1.   This Order incorporates the definitions in the Settlement Agreement and all defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.   The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3.   This Court finds that it has jurisdiction over the subject matter of and over all Parties to the Litigation.

4.   The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class-action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Litigation or of any wrongdoing or any violation of law.

5.     The Court finds that, if the Effective Date does not occur for any reason, the Settlement Agreement and this Preliminary Approval Order will be vacated and the Litigation shall proceed, without prejudice to any Party's position on the issue of class certification or any other issue. The Court also finds that the Parties' agreement to the certification of the Settlement Class is without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

6.     For the avoidance of doubt, the Court specifically finds that, by agreeing to the certification of the Settlement Class, and by taking other steps to negotiate, execute, and implement the Settlement, Defendant does not admit, concede, or waive any right or claim it may have to request or require arbitration of any claim or to enforce any arbitration agreement or class-action waiver in relation to any Settlement Class Member or other Person, including without limitation as set forth in Section IV.2.4 of the Settlement Agreement.

7.     For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Litigation may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack.

8.     For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Class Representatives in the Litigation are typical of the claims of the Settlement Class; (d) Class Representatives and Class

Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Litigation.

9.      For purposes of the proposed Settlement only, the Court preliminarily appoints Plaintiffs Hokky Tjahjono and Miles Black as Class Representatives.

10.     For purposes of the proposed Settlement only, the Court preliminarily appoints Jamisen A. Etzel of Lynch Carpenter LLP, and Marc E. Dann of DannLaw as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

11.     The Court appoints Verita Global to administer the Notice Program and distribute the Settlement Fund pursuant to the terms of the Settlement Agreement, under the supervision of Class Counsel.

12.     Having reviewed the proposed Short Notice and the proposed Long Notice submitted by the Parties as Exhibit 1 and Exhibit 2 to the Settlement Agreement, respectively, the Court approves, as to form and content, such Notices.

13.     Within five (5) days after the entry of this Order, Defendant shall produce the Class Member Information to the Settlement Administrator as set forth in Sections IV.3.3(a) and (b) of the Settlement Agreement.

14.     Within ten (10) days after the entry of this Order, the Settlement Administrator on behalf of the Defendant shall cause a CAFA Notice to be served upon the appropriate State and Federal officials, in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*

15.     Within thirty (30) days after the entry of this Order, the Settlement Administrator shall begin to send to members of the Settlement Class, via email if available or otherwise via mail, the Short Notice as set forth in Section IV.3.3(d) of the Settlement Agreement.

16.     No later than thirty (30) days after the entry of this Order, and before the issuance of the Short Notice, the Settlement Administrator shall establish the Settlement Website as set forth in Section IV.3.3(c) of the Settlement Agreement.

17.     Within thirty (30) days after the entry of this Order, the Settlement Administrator shall publish a notice substantially in the form of the Short Notice in a general publication that reaches the entire United States, such as PR Newswire, as set forth in Section IV.3.3(e) of the Settlement Agreement.

18.     Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Settlement Agreement concerning notice to the Settlement Class, as set forth in Section IV.3.3(g) of the Settlement Agreement.

19.     The Court finds and determines that the notices provided by the Settlement Agreement, including (a) emailing or mailing the Short Notice, (b) publication of the Short Notice, and (c) posting of the Long Notice on the Settlement Website, all pursuant to the Settlement Agreement and this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

20.     Any Person falling within the definition of the Settlement Class may, upon request, "opt out" from the Settlement Class, pursuant to Section IV.4 of the Settlement Agreement.  No Settlement Class Member may both opt out of and object to the Settlement; a Settlement Class Member must decide whether to opt out of or object to the Settlement.

21.     Each Person wishing to opt-out of the Settlement Class shall individually sign (with a physical signature) and timely submit a written notice to the Settlement Administrator of such intent by (a) mailing it with a postmark by the Opt-Out Date to a designated Post Office box established by the Settlement Administrator, or (b) emailing it to the Settlement Administrator using the email address provided on the Settlement Website. To be effective pursuant to Section IV.4.1 of the Settlement Agreement, the written opt-out notice must include the following: (a) the requestor's full name, postal address, and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked or emailed no later than the Opt-Out Date, which shall be 90 days from the date of this Order. Opt-Outs must be on an individual basis, and no Person may opt-out any other individual.

22.     A request to be excluded from the Settlement Class that does not include all of the foregoing information pursuant to Section IV.4.1 of the Settlement Agreement, that is sent to an address other than that designated in the Long Notice, or that is not postmarked within the time specified, shall be invalid and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if the Settlement is approved by the Court. Any Settlement Class Member who properly elects to opt-

6

out, in compliance with the requirements set forth in Paragraph 20, shall not: (a) be entitled to nor receive any benefit under the Settlement; (b) be bound by the terms of the Settlement Agreement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

23.    As set forth in Section IV.9.4 the Settlement Agreement, Defendant has the unilateral right to terminate the Settlement Agreement and declare it void in its entirety if the number of exclusions exceeds a certain number of individuals within the Settlement Class, as agreed to in a Confidential Class Action Settlement Term Sheet between the Parties and their counsel, on the ground that such exclusion would frustrate the essential purpose of the Settlement Agreement.

24.    Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel no later than ten (10) days prior to the Final Approval Hearing.

25.    No less than one hundred twenty (120) days from the date of this Order, this Court will hold a Final Approval Hearing in the United States District Court for the Western District of Pennsylvania, William S. Stickman IV, **U.S. Courthouse, Courtroom 8B, 700 Grant Street, Pittsburgh, PA 15219, at _____ on _____, 2024**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve Class Counsel's requested Attorneys' Fees and Expenses Award; (d) whether to approve the payment of  Service Awards to the Class Representatives; (e) whether a Final Judgment Order should be entered; and (f) any other matters that may properly be brought before the Court in connection with the

7

Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

26.     Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

27.     Pursuant to Section IV.5 of the Settlement Agreement, any Settlement Class Member may object to the Settlement, the manner of distribution of the Settlement Fund, the application for Service Awards, or the application for an Attorneys' Fees and Expenses Award; or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment Order should not be entered thereon, why the requested Service Awards should not be approved, or why the requested Attorneys' Fees and Expenses Award should not be approved. Any such objection must be in the form and manner required by Section IV.5.1 of the Settlement Agreement.

28.     Each Settlement Class Member desiring to object to the Settlement shall submit a timely written notice of his or her objection by the Objection Date, which notice shall state: (a) the objector's full name, postal address, and email address; (b) the case name and number, *Hokky Tjahjono v. Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation*, Case No. 2:23-cv-00531-WSS; (c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's

8

settlement notice, copy of original notice of the Cyberattack, or a statement explaining why the objector believes he or she is a Settlement Class Member); (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be postmarked or filed no later than the Objection Date (90 days from the date of this Order), by filing it with the Court electronically or in person at any location of the United States District Court for the Western District of Pennsylvania, or by mailing it to the Deputy Clerk, Elizabeth Abbott, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street Pittsburgh, PA 15219, and by mailing it to Class Counsel and Defendant's counsel as follows:

Jamisen A. Etzel
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

-and-

Marc E. Dann
DANNLAW
15000 Madison Ave.
Lakewood, OH 44107

*Class Counsel*

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500

Pittsburgh, PA 15219

*Counsel for Defendant*

29.     If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member will remain a Settlement Class Member and will receive their applicable distribution from the Settlement Fund.

30.     If any Settlement Class Member does not make an objection in the form and manner set forth above, with copies to designated counsel for each of the Parties, they shall not be permitted to object to the Settlement, the Service Awards, or the Attorneys' Fees and Expenses Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Service Awards, and the Attorneys' Fees and Expenses Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Litigation or any other related action or proceeding.

31.     Upon the Effective Date, the releases set forth in the Settlement Agreement, including without limitation in Sections IV.6.1 through IV.6.4, shall be permanently and irrevocably binding upon all Releasing Persons, including without limitation all Settlement Class Members.  Among other things and without limitation, as of the Effective Date, each Settlement Class Member and all other Releasing Persons shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, acquitted, and discharged all Released Claims in relation to each of the Released Persons, and shall forever be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

32.     All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement Agreement or further order of the Court.

33.     Class Counsel's application for an Attorneys' Fees and Expenses Award must be filed within seventy-five (75) days after the entry of this Order.

**<u>Further Matters</u>**

34.     All further proceedings in the Litigation are ordered stayed until the Final Judgment Order or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

35.     Settlement Class Members shall be bound by all determinations and judgments concerning the Settlement and Final Judgment Order as to the same, whether favorable or unfavorable.

36.     The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.


Dated: _____            _____
                                         Hon. William S. Stickman IV
                                         United States District Judge

11

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION,<br><br>      Defendant. | Case No. 2:23-cv-531-WSS |

## [PROPOSED] FINAL JUDGMENT ORDER

      **WHEREAS**, the Parties to the Litigation executed a Settlement Agreement dated as of August 21, 2024;

      **WHEREAS**, on _____, **2024**, the Court entered an Order Granting Plaintiffs' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Litigation should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

      All Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack.

(iii) preliminarily appointed Plaintiffs Hokky Tjahjono and Miles Black as Class Representatives; (iv) preliminarily appointed Jamisen A. Etzel of Lynch Carpenter LLP, and Marc E. Dann of DannLaw as Class Counsel; (v) approved the forms and manner of notice of the Settlement to

1

Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, on _____, 2024, notice of the Settlement was provided to members of the Settlement Class in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on _____, 2024, Class Counsel filed a Motion for Attorneys' Fees, Costs, and Service Awards to Class Representatives and accompanying Memorandum of Law and supporting exhibits ("Fee Application"), and on _____, 2024, Plaintiffs filed their Motion for Final Approval of Class Action Settlement and accompanying Memorandum of Law and supporting exhibits ("Final Approval Motion");

**WHEREAS**, on _____, 2024, at \_\_\_\_\_ at the Western District of Pennsylvania, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, this Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Litigation, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.    This Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

B.    This Order incorporates the definitions in the Settlement Agreement and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

C.      The Short Form Notice and Long Form Notice (the "Notices") provided to the Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Litigation and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

D.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E.      For purposes of the Settlement only, the Litigation may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F.      Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the Litigation and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel, and the negotiations were facilitated by an experienced professional mediator, Bruce A. Friedman, Esq.; (iii) it was based on a record that is sufficiently developed to have enabled the Class Representatives and Defendant to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the

Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H.    There are ___ persons who have timely and validly requested exclusion from the Settlement Class.

I.    There are ___ persons who have timely and validly objected to the Settlement.

J.    The Class Representatives and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement pursuant to the terms of this Order and the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.    The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes, incorporates herein, and directs implementation of all terms and provisions of the Settlement Agreement.

2.    The Court hereby decrees that neither the Settlement nor this Final Judgment Order nor any aspect or fact of the Settlement is an admission or concession by Defendant of any fault, wrongdoing, or liability whatsoever. This Final Judgment Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or any Released Person in any proceeding, other than as necessary to consummate or enforce the Settlement Agreement.

3.    Class Counsel is awarded from the Settlement Fund attorneys' fees in the amount of _____, which is ____% of the Settlement Fund; and _____ as reimbursement of litigation expenses. These awards shall be distributed pursuant to the terms of the Settlement Agreement.

4.      The Class Representatives are each awarded an incentive award of _____ from the Settlement Fund for their contributions in representing the Settlement Class. This award shall be distributed pursuant to the terms of the Settlement Agreement.

5.      All Parties to this Litigation, and all Settlement Class Members, are bound by the Settlement Agreement and this Final Judgment.

6.      Final Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, and without taxation or costs in favor of or against any Party.

7.      The manner of distribution of the Settlement Fund as described in the Settlement and in the Notices to Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Settlement Fund, so long as they are not materially inconsistent with this Final Judgment Order, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

8.      The releases set forth in the Settlement Agreement, including without limitation in Sections IV.6.1 through IV.6.4, are hereby expressly incorporated and restated in this Order as though set forth in full herein.  Among other things and without limitation, as of the Effective Date, each of the Releasing Persons shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, acquitted, and discharged all Released Claims in relation to each of the Released Persons, and shall forever be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.      For the avoidance of doubt, the Court specifically finds that, by agreeing to the certification of the Settlement Class, and by taking other steps to negotiate, execute, and implement

5

the Settlement, Defendant does not admit, concede, or waive any right or claim it may have to request or require arbitration of any claim or to enforce any arbitration agreement or class-action waiver in relation to any Settlement Class Member or other Person, including without limitation as set forth in Section IV.2.4 of the Settlement Agreement.

10.    Without affecting the finality of this Final Judgment Order in any way, the Court retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Litigation, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

11.    There is no just reason to delay the entry of this Final Judgment Order as a final judgment in this Litigation. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Litigation and to close the case.

12.    In the event that the Effective Date does not occur in accordance with Section IV.9.1 of the Settlement Agreement for any reason, then this Final Judgment Order shall be rendered null, void, and vacated to the extent provided by and in accordance with the Settlement Agreement. In such event, all orders entered and releases delivered in connection with the Settlement shall be null, void, and vacated, except as necessary to effect termination of the Settlement. In such event, the Litigation shall return to its status immediately prior to execution of the Settlement, without prejudice to any Party's position on the issue of class certification or any other issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: _____        _____
                                Hon. William S. Stickman IV
                                United States District Judge