IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOKKY TJAHJONO and MILES BLACK, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION,

    Defendant.

Case No. 2:23-cv-531-WSS

## FINAL JUDGMENT ORDER

**WHEREAS**, the Parties to the Litigation executed a Settlement Agreement dated as of August 21, 2024;

**WHEREAS**, on August 26, 2024, the Court entered an Order Granting Plaintiffs' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Litigation should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

> All Persons residing within the United States whose Personal Information was potentially compromised in the Cyberattack.

(iii) preliminarily appointed Plaintiffs Hokky Tjahjono and Miles Black as Class Representatives;

(iv) preliminarily appointed Jamisen A. Etzel of Lynch Carpenter LLP, and Marc E. Dann of DannLaw as Class Counsel; (v) approved the forms and manner of notice of the Settlement to

1

Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, on September 25, 2024, notice of the Settlement was provided to members of the Settlement Class in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on November 12, 2024, Class Counsel filed a Motion for Attorneys' Fees, Costs, and Service Awards to Class Representatives and accompanying Memorandum of Law and supporting exhibits ("Fee Application"), and on January 10, 2025, Plaintiffs filed their Motion for Final Approval of Class Action Settlement and accompanying Memorandum of Law and supporting exhibits ("Final Approval Motion");

**WHEREAS**, on January 21, 2025, at 10:30 a.m. at the Western District of Pennsylvania, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, this Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Litigation, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

B. This Order incorporates the definitions in the Settlement Agreement and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

C.  The Short Form Notice and Long Form Notice (the "Notices") provided to the Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Litigation and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

D.  The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E.  For purposes of the Settlement only, the Litigation may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F.  Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the Litigation and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel, and the negotiations were facilitated by an experienced professional mediator, Bruce A. Friedman, Esq.; (iii) it was based on a record that is sufficiently developed to have enabled the Class Representatives and Defendant to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the

Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H.   There are six persons who have timely and validly requested exclusion from the Settlement Class.

I.   There are no persons who have timely and validly objected to the Settlement.

J.   The Class Representatives and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement pursuant to the terms of this Order and the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.   The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes, incorporates herein, and directs implementation of all terms and provisions of the Settlement Agreement.

2.   The Court hereby decrees that neither the Settlement nor this Final Judgment Order nor any aspect or fact of the Settlement is an admission or concession by Defendant of any fault, wrongdoing, or liability whatsoever. This Final Judgment Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or any Released Person in any proceeding, other than as necessary to consummate or enforce the Settlement Agreement.

3.   Class Counsel is awarded from the Settlement Fund attorneys' fees in the amount of $208,333.33, which is one-third of the Settlement Fund; and $9,505 as reimbursement of litigation expenses. These awards shall be distributed pursuant to the terms of the Settlement Agreement.

4.     The Class Representatives are each awarded an incentive award of $5,000 from the Settlement Fund for their contributions in representing the Settlement Class. This award shall be distributed pursuant to the terms of the Settlement Agreement.

5.     All Parties to this Litigation, and all Settlement Class Members, are bound by the Settlement Agreement and this Final Judgment.

6.     Final Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, and without taxation or costs in favor of or against any Party.

7.     The manner of distribution of the Settlement Fund as described in the Settlement and in the Notices to Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Settlement Fund, so long as they are not materially inconsistent with this Final Judgment Order, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

8.     The releases set forth in the Settlement Agreement, including without limitation in Sections IV.6.1 through IV.6.4, are hereby expressly incorporated and restated in this Order as though set forth in full herein. Among other things and without limitation, as of the Effective Date, each of the Releasing Persons shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, acquitted, and discharged all Released Claims in relation to each of the Released Persons, and shall forever be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.     For the avoidance of doubt, the Court specifically finds that, by agreeing to the certification of the Settlement Class, and by taking other steps to negotiate, execute, and implement

the Settlement, Defendant does not admit, concede, or waive any right or claim it may have to request or require arbitration of any claim or to enforce any arbitration agreement or class-action waiver in relation to any Settlement Class Member or other Person, including without limitation as set forth in Section IV.2.4 of the Settlement Agreement.

10. Without affecting the finality of this Final Judgment Order in any way, the Court retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Litigation, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

11. There is no just reason to delay the entry of this Final Judgment Order as a final judgment in this Litigation. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Litigation and to close the case.

12. In the event that the Effective Date does not occur in accordance with Section IV.9.1 of the Settlement Agreement for any reason, then this Final Judgment Order shall be rendered null, void, and vacated to the extent provided by and in accordance with the Settlement Agreement. In such event, all orders entered and releases delivered in connection with the Settlement shall be null, void, and vacated, except as necessary to effect termination of the Settlement. In such event, the Litigation shall return to its status immediately prior to execution of the Settlement, without prejudice to any Party's position on the issue of class certification or any other issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 1/21/25

_____
Hon. William S. Stickman IV
United States District Judge